UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELVIN DEL ROSARIO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DR. AGLER, DR. STANDARD, M.A. THACKER, and ICC MEDICAL,<br><br>　　　　　Defendants. | Case No. 1:12-cv-00336-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Plaintiff, a prisoner in the custody of the Idaho Department of Correction (IDOC), is proceeding pro se and in forma pauperis in this civil rights action. Now pending before the Court is Defendant Dr. Agler's[1] Motion to Dismiss for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act. (Dkt. 25.) Plaintiff claims Defendant Agler violated the Eighth Amendment by failing to provide Plaintiff with adequate medical treatment and has filed a Motion to Amend his Complaint. (Dkt. 34.)

---

[1] Defendant Agler is the only remaining Defendant against whom Plaintiff has been allowed to proceed. (*See* Dkt. 6, 8.)

**MEMORANDUM DECISION AND ORDER - 1**

Having carefully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court will decide this matter on the written motions, briefs and record. D. Idaho L. Civ. R. 7.1(d). Because Plaintiff failed to exhaust his administrative remedies with respect to his current claims prior to filing suit, the Court enters the following Order granting Defendant Agler's Motion to Dismiss, denying Plaintiff's Motion to Amend, and dismissing this case without prejudice.

## BACKGROUND

Plaintiff's claims arose while he was incarcerated at Idaho Correctional Center (ICC), a private prison operated by Corrections Corporation of America under contract with the IDOC.[2] The relevant factual allegations of the Complaint are set forth in the Court's Initial Review Order:

> Plaintiff asserts that he has suffered from severe pain since July of 2010, when he fell and injured his back while incarcerated at the ICC. Plaintiff asserts that he had preexisting back problems and was still recovering from a back procedure when the fall occurred. Within the first week of his fall, his back was in so much pain that he could not walk. According to Plaintiff, his requests for pain medication and proper treatment for his injury were repeatedly denied by ICC medical staff. Plaintiff asserts that, because of the inadequate medical care, Plaintiff's spinal cord procedure must be redone and Plaintiff must have another procedure to repair three other discs in his back. Plaintiff alleges that the

---

[2] Plaintiff is currently incarcerated at Idaho State Correctional Institution.

**MEMORANDUM DECISION AND ORDER - 2**

    damage to his back is permanent. He seeks $2,000,000 in
    damages.

(Dkt. 6 at 2) (internal citations omitted).

  Plaintiff filed the instant action on June 28, 2012 (mailbox rule). He claims that Defendant Agler violated his Eighth Amendment right to adequate prison medical care.[3]

## DEFENDANT'S MOTION TO DISMISS
## FOR FAILURE TO EXHAUST

  Defendant Agler argues that Plaintiff's claims of inadequate medical care, including inadequate pain medication, must be dismissed because Plaintiff did not properly exhaust his administrative remedies. For the reasons that follow, the Court agrees.

**1. Standard of Law for Exhaustion of Administrative Remedies**

  Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*, a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that the prisoner

---

[3] Plaintiff has informed the Court that on January 28, 2014, an x-ray performed at the Idaho State Correctional Institution—where Plaintiff currently resides—revealed that a bolt that had been placed in Plaintiff's S-1 vertebra had fractured. (Mot. to Admit New Discovery under the Continuing Wrong Clause, Dkt. 41, at 1-2.) Plaintiff asks that he be allowed to introduce this evidence against Defendant Agler, claiming it proves that Defendant Agler is "100% responsible for [his] on-going prolonged pain and suffering due to medical neglect." (*Id*. at 2.) However, because the Court concludes that Plaintiff's claims must be dismissed for failure to exhaust, the Court will deny this request as moot.

**MEMORANDUM DECISION AND ORDER - 3**

must comply "with [the prison's] deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The exhaustion requirement is based on the important policy concern that prison officials should have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204.

Failure to exhaust is an affirmative defense that is "subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In the context of such a motion, a court's consideration of evidence outside of the pleadings does *not* transform the motion to dismiss into a motion for summary judgment. Rather, in deciding a motion to dismiss for failure to exhaust, the Court "may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120. If a prisoner has failed to exhaust his administrative remedies, the appropriate remedy is dismissal without prejudice. *Id.*

The defendant bears the burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant does so, "the burden shifts to the plaintiff to show that the administrative remedies were unavailable." *Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012). Confusing or contradictory information given to a

**MEMORANDUM DECISION AND ORDER - 4**

prisoner "informs [the] determination of whether relief was, as a practical matter, 'available.'" *Brown*, 422 F.3d at 937.

Administrative remedies will be deemed unavailable and exhaustion excused if an inmate shows that the required procedural steps were "not known and unknowable with reasonable effort." *Albino*, 697 F.3d at 1037. A complaint will not be dismissed for failure to exhaust if the prison improperly processed an inmate's grievance, if prison officials misinformed an inmate regarding grievance procedures, or if jail staff took any other "affirmative actions" that interfered with an inmate's efforts to exhaust. *Id.* at 1034, 1039. It is not enough that the prisoner was subjectively unaware of proper grievance procedures; that lack of awareness must also be "objectively reasonable." *Id.* at 1038.

**2.     ICC/IDOC Grievance Process**

ICC follows the IDOC's grievance process, which consists of three stages. First, any inmate with a concern is required to seek an informal resolution by filling out an Offender Concern Form, addressed to the staff person "most capable of responding to and, if appropriate, resolving the issue." (Purcell Decl., Dkt. 25-2, at ¶ 7.) If the issue cannot be resolved informally through the use of a Concern Form, the inmate must then file a Grievance Form. (*Id.* at ¶ 8.)

A Grievance Form must be submitted within 30 days of the incident giving rise to the grievance. (*Id.*) When submitting a Grievance Form, the inmate must attach a copy of the Offender Concern Form, showing the inmate's attempt to settle the issue informally. Grievances must contain "specific information including the nature of the complaint,

**MEMORANDUM DECISION AND ORDER - 5**

dates, places, and names," and only one issue may be raised in each grievance. (*Id.* at ¶ 9.) If a grievance does not comply with grievance policies—for example, if the inmate fails to attach a copy of the relevant concern form—the grievance is returned to the inmate without action, "and the process ends until the inmate re-submits a Grievance Form that is properly completed with all required attachments." (*Id.*)

When the grievance coordinator receives a properly filed grievance from an inmate, she "assigns the grievance to the staff member most capable of responding to and, if appropriate, resolving the issue." (*Id.*) That staff member responds to the grievance and returns it to the Grievance Coordinator. The Grievance Coordinator then forwards the grievance to a "reviewing authority," usually a deputy warden. (*Id.*)

The reviewing authority reviews the grievance, including the staff member's response, and must deny, grant, or modify the grievance. (*Id.*) The reviewing authority returns the grievance to the Grievance Coordinator, who logs the response into an electronic database and sends the completed grievance back to the inmate. (*Id.*) If the decision on an inmate's grievance is not satisfactory to the inmate, the inmate may appeal that decision within five days of receiving the grievance response. (*Id.* at ¶ 10.) The "facility head," or the warden, is the person who usually decides an inmate's grievance appeal. (*Id*. at ¶ 11.)

Not until the completion of all three of these steps—Concern Form, Grievance Form, and grievance appeal—is the grievance process exhausted. (*Id.* at ¶ 12.)

**MEMORANDUM DECISION AND ORDER - 6**

### 3.     **Plaintiff Did Not Exhaust Available Administrative Remedies**

Plaintiff filed six grievances relating to his medical care between July 2010 and July 2012. The first grievance, Grievance No. 100000937 ("Grievance 937"), was returned to Plaintiff without action because he had not attached a copy of the concern form as required by the grievance policy. (Purcell Decl. at ¶ 15 and Ex. B, Dkt. 25-4 at 18-19.) Plaintiff was notified of this deficiency, but he did not re-submit his grievance. Rather, he simply sent a copy of the concern form to the grievance coordinator without including the actual grievance. (*Id.*) If Plaintiff had wanted to pursue his administrative remedies, the proper course of action would have been to re-file the grievance, along with the concern form, "with all required information." (Purcell Decl. at ¶ 15.) Because Plaintiff did not do so, Grievance 937 did not exhaust his claim of inadequate medical treatment. In addition, Plaintiff concedes that Grievance 937 could not have exhausted his claims against Dr. Agler (the only remaining defendant) because Dr. Agler did not begin working at ICC until several months after Plaintiff filed the grievance. (*See* Pl.'s Motion to Amend, Dkt. 34, at 16.)

Plaintiff filed another grievance, Grievance No. 110001476 ("Grievance 1476") on November 18, 2011. (Purcell Decl. at ¶ 15 and Ex. B, Dkt. 25-4 at 25-5 at 5.) In this grievance, Plaintiff complained that he was being charged a $6.00 co-pay for medical care because his back injury was not considered a chronic condition for which co-pays are not required. (*Id.*) Although, as Defendant recognizes, Grievance 1476 was properly exhausted, that grievance did not relate to the alleged inadequacy of Plaintiff's treatment,

**MEMORANDUM DECISION AND ORDER - 7**

but rather the *cost* for that treatment. It is well-established that charging inmates a co-pay for medical care does not violate the Eighth Amendment. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985) ($3.00 co-pay fee for prisoners cannot be construed as deliberate indifference to inmates' medical needs); *see also Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) (same); *Gardner v. Wilson*, 959 F. Supp. 1224, 1228 (D. Cal. 1997) ($5.00 co-pay does not amount to deliberate indifference to inmates' medical needs); *Bihms v. Klevenhagen*, 928 F.Supp. 717, 718 (D. Tex. 1996) (state may require inmate to pay toward his medical care); *Martin v. Debruyn*, 880 F. Supp. 610, 614 (N.D. Ind. 1995) ("Nothing in the Eighth Amendment . . . requires a state to provide an inmate, free of charge, with a necessary commodity that would not be free outside the prison walls and which the inmate has the legal means to obtain.").

Plaintiff filed Grievance No. 120000858 ("Grievance 858") on July 3, 2012. This grievance, in which Plaintiff challenged a denial of pain medication, was returned to Plaintiff without action in part because it was untimely and did not contain specific information as required by the grievance policy. (Purcell Decl. at ¶ 15 and Ex. B, Dkt. 25-5 at 46-47.) Plaintiff thus did not properly exhaust Grievance 858.

Grievance No. 120000893 ("Grievance 893") was filed on July 11, 2012. Plaintiff submitted this grievance as an "Emergency Grievance." (Purcell Decl. at ¶ 15 and Ex. B, Dkt. 25-5 at 39-40.) Grievance 893, which complained that Plaintiff should not have to pay for his pain medication, was returned with action because it did not meet the criteria for an emergency grievance. (*Id.*) This grievance was also not exhausted.

**MEMORANDUM DECISION AND ORDER - 8**

On July 12, 2012, Plaintiff again filed an emergency grievance regarding the denial of pain medication. Grievance No. 120000896 ("Grievance 896") was also returned without action, in part because it did not meet the criteria for an emergency grievance. (Purcell Decl. at ¶ 15 & Ex. B, Dkt. 25-5 at 33-34.) However, Plaintiff was informed that he could file a standard grievance. Grievance 896 could not have exhausted any of Plaintiff's current claims.

Finally, Plaintiff filed Grievance No. 120000917 ("Grievance 917") on July 17, 2012. This grievance claimed that Plaintiff was not receiving adequate pain medication; specifically, Plaintiff asked for a prescription for Ultram. (Purcell Decl. at ¶ 15 and Ex. B, Dkt. 25-4 at 4. Plaintiff did, in fact, fully exhaust this grievance. Grievance 917 is the only fully exhausted grievance that relates to Plaintiff's current claims of inadequate medical care.

Defendant argues, however, that Grievance 917 cannot serve to exhaust Plaintiff's current claims against Dr. Agler because it was filed and exhausted *after* Plaintiff initiated the instant action. Defendant is correct. The law is clear that "'a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation.'" *Akhtar v. Mesa*, 698 F. 3d 1202, 1210 (9th Cir. 2012) (quoting *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam)). Plaintiff's current claims allege that he was denied adequate medical care prior to the filing of the Complaint. Grievance 917 therefore could not have exhausted any of Plaintiff's current claims.

**MEMORANDUM DECISION AND ORDER - 9**

However, this does not end the inquiry. Based on recent case law, the Court must also consider whether Plaintiff may amend his Complaint to assert claims that were exhausted after the filing of the initial Complaint—such as those at issue in Grievance 917. The Ninth Circuit held in *Ahktar* that if "a plaintiff files an amended complaint adding new claims based on conduct that occurred *after* the filing of the initial complaint, the plaintiff need only show that the new claims were exhausted before tendering the amended complaint to the clerk for filing." *Id.* The Ninth Circuit recently expanded *Akhtar* and held that a prisoner litigant can, in fact, exhaust *after* the filing of the complaint any claims that arose *before* the filing of the complaint. *Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014).

Therefore, if Plaintiff is allowed to amend his Complaint to assert the claims at issue in the July 2012 grievance, then those claims would be exhausted. The Court now turns to Plaintiff's Motion to Amend the Complaint and considers whether to allow such an amendment.

## PLAINTIFF'S MOTION TO AMEND

On October 2, 2013, the Court determined that, "[b]ecause (1) Plaintiff wishes to amend his Complaint, (2) Defendant asserts that Plaintiff has failed to exhaust his administrative remedies, and (3) the Court previously questioned whether Plaintiff exhausted his administrative remedies as to any claim against any defendant in the original Complaint (Dkt. 6), the Court will require Plaintiff to file any motion to amend

**MEMORANDUM DECISION AND ORDER - 10**

the complaint (with a proposed amended complaint as an exhibit) no later than October 31, 2013." (Dkt. 33 at 2.) Plaintiff has complied with the Court's order and now seeks leave to amend.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) . . . by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although these factors are considered together, futility of amendment, by itself, is sufficient to justify the denial of a motion to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

**MEMORANDUM DECISION AND ORDER - 11**

However, the Court is also required to screen proposed amended complaints filed in forma pauperis, or those filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Plaintiff's proposed Amended Complaint is 67 pages long and interspersed with copies of various medical records and grievances. The Court concludes that the Amended Complaint does not comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Therefore, the proposed amendment fails to state a claim upon which relief may be granted. *See Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013) (holding, in the context of a three-strikes challenge, that failure to comply with Rule 8(a) constitutes a failure to state a claim for relief under the Prison Litigation Reform Act and upholding a strike for a complaint that was dismissed "for being too long and incoherent").

Further, the proposed Amended Complaint names several additional individuals as Defendants without linking them to the alleged constitutional violations. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). For example, the proposed amendment identifies Jose Garriga as a

**MEMORANDUM DECISION AND ORDER - 12**

defendant, but Plaintiff acknowledges he only "added [Mr. Garriga's] name because Mr. Thacker stated [that] Mr. Garriga is Mr. Agler's boss." (Pl.'s Motion to Amend, Dkt. 34-1, at 8.) However, there is no respondeat superior liability under § 1983, and the mere fact that someone is a supervisor does not give rise to § 1983 liability. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011); *Taylor*, 880 F.2d at 1045.

The Court has also considered whether to allow Plaintiff yet another opportunity to amend. But this case has already been pending for approximately 20 months. Plaintiff requested leave to amend over a year after he filed his initial Complaint, and not until after Defendants moved for dismissal. For these reasons, the Court concludes that the interests of justice would not be served by further amendment.

The Court also finds that Plaintiff will not be unduly prejudiced by the Court's decision not to allow further amendment, because it appears that the statute of limitations has not yet run on the claims raised in the July 2012 grievance.[4] If Plaintiff intends to pursue his claims relating to the July 2012 grievance, he should file a new lawsuit.

## CONCLUSION

Plaintiff failed to exhaust available administrative remedies as to his current claims, and the Court concludes that the interests of justice would not be served by

---

[4] The statute of limitations applicable to a federal civil rights action is the statute of limitations for personal injury claims in the state where the cause of action arose. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985) *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). In Idaho, the statute of limitations for personal injury actions is two years. Idaho Code § 5-219.

**MEMORANDUM DECISION AND ORDER - 13**

allowing Plaintiff another opportunity to amend the Complaint. Therefore, this case will be dismissed without prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend (Dkt. 34) is DENIED.

2. Defendants Motion to Dismiss (Dkt. 25) is GRANTED, and this case is DISMISSED without prejudice.

3. Plaintiff's Motion for Jury Trial Pre-Trial Hearing (Dkt. 38) is DENIED as MOOT.

4. Plaintiff's Motion to Admit New Discovery under the Continuing Wrong Clause (Dkt. 41) is DENIED as MOOT.

5. Plaintiff's Motion for Discovery (Dkt. 43) is DENIED as MOOT.

6. Plaintiff's Motion to Transfer to Protective Custody Not IDOC (Dkt. 44) is DENIED as MOOT.

7. Plaintiff's Motion to Proceed and Motion to Deny Defendants' Additional New Counsel (Dkt. 45) is DENIED as MOOT.

DATED: **February 26, 2014**

Honorable Edward J. Lodge
U. S. District Judge